

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00005-CR

MELVIN GLEN CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 22,363-C, Honorable Ana Estevez, Presiding

May 21, 2015

# ORDER

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

After a jury trial, appellant, Melvin Glen Carter, was convicted of the offense of assault on a public servant. On December 13, 2012, appellant was sentenced to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of twelve years. Appellant timely filed a notice of appeal of this conviction and was appointed counsel. Appointed counsel filed a brief on appellant's behalf on the merits. However, after review, this Court affirmed appellant's conviction *See Carter v. State*, No. 07-13-00005-CR, 2013 Tex. App. LEXIS 11265, at *12 (Tex. App.—Amarillo

Aug. 30, 2013, no pet.).  When no petition for discretionary review was filed, mandate was issued on December 2, 2013.  This Court's plenary power expired 60 days after judgment.  TEX. R. APP. P. 19.1(a).

On May 12, 2015, this Court received correspondence from appellant entitled "First Motion for Extension of Time to File Appellant's Pro Se Response to Anders Brief."[1]  In an enclosed letter, appellant appears to identify what he is actually requesting.  It appears that appellant is seeking an extension to file a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals.

This Court's jurisdiction over this appeal expired 60 days after issuance of our August 30, 2013 judgment.  *See* TEX. R. APP. P. 19.1(a).  Appellant's filing is more than a year and a half past the expiration of our plenary power over this appeal.  As such, no further action may be taken by this Court in this proceeding and the filing is hereby denied.[2]

Per Curiam

Do not publish.

---

[1] As mentioned, appellant's appointed counsel filed a brief on the merits in this appeal and raised an arguable ground for reversal.  Thus, there was never an Anders brief or motion to withdraw for appellant to respond to in this case.

[2] While this Court is without jurisdiction over this case, appellant may be able to obtain recourse by filing a petition for writ of habeas corpus returnable to the Texas Court of Criminal Appeals.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014).